**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 94-30663

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

RAUL ESTRADA-TROCHEZ,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Eastern District of Louisiana

---

(September 27, 1995)

Before REYNALDO G. GARZA, GARWOOD, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

BACKGROUND

Raul Estrada-Trochez was charged with one count of unlawful re-entry into the United States after deportation in violation of 8 U.S.C. § 1326 and two counts of making false statements in violation of 18 U.S.C. § 1546(b)(3). Estrada-Trochez moved to dismiss the unlawful re-entry charge, claiming that the original deportation was accomplished in violation of due process. The district court denied the motion without a hearing. Estrada-Trochez then entered a guilty plea to the false statement charges,

but he conditioned his guilty plea to the unlawful re-entry charge on the right to appeal the denial of the motion to dismiss. Estrada-Trochez now appeals the denial of his motion to dismiss. We affirm.

The record is replete with INS error. There are long, unexplained delays in the proceedings, missing court records, and documents misfiled in internal Immigration and Naturalization Service files. Despite these mistakes, we have pieced together the facts concerning the important issues in this case.

Estrada-Trochez, a citizen of Honduras, legally entered the United States in 1963 at age six. The INS initiated deportation proceedings against him based on a 1977 state drug conviction. The INS issued an Order to Show Cause on February 3, 1978. Appellant and his attorney William Noland appeared before an Immigration Court on April 26, 1978 and conceded deportability. At this appearance the Appellant was ordered to file his petition for relief pursuant to 8 U.S.C. § 1182(c) ("§ 212(c) waiver"). On June 13, 1978, Estrada-Trochez timely filed the appropriate form I-191.

Appellant and his attorney were notified by certified mail that a hearing regarding his §212(c) waiver would be held on November 8, 1979. That hearing was postponed and Noland was informed that he would receive notice of a rescheduled hearing at a future date. Ostensibly due to an oversight by the INS and the Immigration Court, no action was taken in Estrada-Trochez's case for more than five and one-half years.

On June 5, 1985 the INS filed a Motion for Decision requesting

2

that the Immigration Court find that Estrada-Trochez had abandoned his request for a § 212(c) waiver because he had failed to timely file an I-191. Five days later, the INS withdrew its motion, conceding that Appellant had timely filed the I-191.

Noland moved to withdraw as Estrada-Trochez's counsel on June 12, 1985, asserting that he had not been in contact with his client for several years and did not know how to locate him. Noland averred that, although he "maintained the same law office address and telephone number from 1978 to present" he never received a response from the Immigration Court regarding his motion to withdraw, nor did he receive any notices of hearings from the Immigration Court. No action was taken on the case for another two years.

On February 13, 1987, a notice of hearing was mailed to Noland indicating that a hearing regarding Estrada-Trochez's I-191 would be held on March 27, 1987. That hearing was rescheduled, and Noland did not receive any further notice regarding a new hearing date. On May 21, 1987, a notice of a hearing to be conducted on July 16, 1987, was mailed to Estrada-Trochez at his 1978 address via regular mail. The notice of hearing was returned as undeliverable.

The deportation hearing was held *in absentia* on July 21, 1987, and the Immigration Court held that Estrada-Trochez was deportable (as Appellant had admitted) and had failed to establish his eligibility for discretionary relief. A warrant of deportation issued on August 5, 1987, and notice that he was to be deported was

sent to Estrada-Trochez's 1978 address via certified mail. Appellant asserts that he did not learn of the deportation order until he filed a request for a replacement alien registration card in 1992. He was arrested by INS agents on June 30, 1992 and deported to Honduras on July 8, 1992.

INS agents arrested Estrada-Trochez on October 14, 1993 in Louisiana after he had illegally re-entered the country on or about January 7, 1993. Appellant moved to re-open the 1987 deportation proceeding, asserting that he was denied procedural due process because neither he nor his attorney of record received notice of the deportation hearing. The Immigration Court denied the motion, finding that the execution of a deportation order on July 8, 1992 foreclosed any right Estrada-Trochez had to contest the lawfulness of the deportation.

## DISCUSSION

Appellant's claim that the District Court incorrectly applied constitutional standards is reviewed *de novo*. United States v. Perez-Torres, 15 F.3d 403, 406 (5th Cir. 1994).

To prevail in a collateral challenge to a deportation order, an alien must prove: (1) The deportation hearing was fundamentally unfair; (2) the defective deportation hearing effectively eliminated the alien's right to direct judicial review of the deportation order; and (3) the procedural deficiencies caused actual prejudice. United States v. Encarnacion-Galvez, 964 F.2d 402, 406 (5th Cir. 1992), cert. denied, 113 S.Ct. 391 (1992). Prejudice requires a showing "that there was a reasonable

4

likelihood that but for the errors complained of the defendant would not have been deported." Id. We hold that Estrada-Trochez cannot demonstrate that the deportation hearing was fundamentally unfair, and therefore, limit our discussion to the first prong of the Encarnacion-Galvez test.

*The Fairness of the Deportation Hearing*

An alien is entitled to due process under the Fifth Amendment in his deportation hearing. Patel v. INS, 803 F.2d 804, 806 (5th Cir. 1986); Rios-Berrios v. INS, 776 F.2d 859, 862 (9th Cir. 1985). Holding a deportation hearing *in absentia* does not *per se* violate due process. Patel, 803 F.2d at 806. An *in absentia* hearing is permissible if the alien has been given "a reasonable opportunity to be present at the proceeding" and "without reasonable cause fails or refuses to attend." 8 U.S.C. § 1252 (b). Thus, we address whether Estrada-Trochez had a reasonable opportunity to be present at his deportation hearing and whether he failed to attend without reasonable cause.

Appellant argues that the notice sent to his last known address was inadequate under 8 U.S.C. § 1252(b), thereby depriving him of a reasonable opportunity to be present at the hearing. He argues that the INS "easily" could have notified him through his father, sister, or brothers because all of their current names and addresses were contained on his I-191. Estrada-Trochez also argues that Noland was still his counsel of record and should have been notified of the hearing.

We hold that the notice sent to Appellant satisfies the

5

requirements of constitutional due process.[1]   The INS mailed the notice of the deportation hearing to the last address that Estrada-Trochez provided to the INS.  Estrada-Trochez did not receive this notice, however, because he had moved without informing the government of his change of address, as required by 8 U.S.C. § 1305.  While his case was pending, the statutory duty remained on the Appellant to "notify the Attorney General in writing of each change of address and new address within ten days from the date of such change . . . ."  8 U.S.C. § 1305.  Estrada-Trochez offers no evidence that he complied with this law at any time during the nine year delay.  Although the INS is certainly to blame for its abysmal handling of Estrada-Trochez's deportation, the ultimate fault lies with the Appellant for his failure to comply with a law that is essential to the administration of the INS.  This is particularly true since Appellant had formally admitted his deportability and the only issue remaining was whether Appellant could prove he was entitled to relief.  Therefore, Estrada-Trochez had a reasonable opportunity to be present at his deportation hearing and failed to attend without reasonable cause.

Appellant also argues that because the notice misstated the date of the proceeding, the hearing was fundamentally unfair.  The

---

[1]    The notice requirements for deportation proceedings are set forth in 8 U.S.C. § 1252(b):  "the alien shall be given notice, reasonable under all the circumstances, of the nature of the charge against him and of the time and place at which the proceedings will be held."  8 U.S.C. § 1252(b).  This statute does not impose a more stringent notice requirement on the INS than required by the Constitution.  See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314-15 (1950).

hearing was held on July 21, 1987, but the notice indicated that the hearing would take place on July 16, 1987. Even though the notice was flawed, we find that Appellant suffered no prejudice from the discrepancy in the hearing dates. Estrada-Trochez would not have attended a hearing on either July 16 or July 21 as a result of his failure to update his address pursuant to 8 U.S.C. § 1305.

## CONCLUSION

For the foregoing reasons, the district court's judgment is AFFIRMED.