United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-21287
Summary Calendar
_____

OBIMEFUNA O. ANYAH,

Petitioner-Appellant,

versus

MICHAEL HESTON, Acting District
Director, INS; JAMES ZIGLAR,
Commissioner of INS; JOHN ASHCROFT,
Attorney General for USA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-1537

_____

Before GARWOOD, JOLLY and SMITH, Circuit Judges.

PER CURIAM:[*]

Obimefuna O. Anyah(Anyah) appeals the district court's denial

of his 28 U.S.C. § 2241 petition challenging his removal pursuant

to 8 U.S.C. § 1229a(a)(5)(A), which authorizes the removal, *in

absentia*, of any alien who fails to attend a removal proceeding

_____

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

after being given notice thereof. He argues that his constitutional right to due process was violated because he was detained and ordered removed without proper notice and without the opportunity to be heard in his removal proceedings.

Contrary to the Government's assertions, we have jurisdiction over Anyah's 28 U.S.C. § 2241 petition because, as an alien who is removable for having committed an aggravated felony, he is precluded by 8 U.S.C. § 1252(a)(2)(C) from seeking direct judicial review, and his petition raises questions of law only. *See* *Calcano-Martinez v. INS*, 533 U.S. 348, 351-52 (2001); *INS V. St. Cyr*, 533 U.S. 289, 314 (2001).

The Immigration and Naturalization Service (INS) properly sent the notices of Anyah's removal proceeding and hearing to the last address provided by him. *See* 8 U.S.C. § 1992(a)(1); *United States v. Estrada-Trochez*, 66 F.3d 733, 736 (5th Cir. 1995). Anyah did not notify the INS of his change of address as required by 8 U.S.C. § 1305. *See Estrada-Trochez,* 66 F.3d at 736. Moreover, Anyah has not demonstrated that he did not receive notice or that his failure to appear at his removal hearing was due to "exceptional circumstances." *See* 8 U.S.C. § 1229a(b)(5)(C). Accordingly, we conclude that Anyah was not denied due process of law and is not entitled to habeas relief. *See Estrada-Trochez*, 66 F.3d at 736.

AFFIRMED.