United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 3, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-51303

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PRAJEDIS VARGAS-VARELA,

Defendant-Appellant

--------------------
Appeal from the United States District Court for the
Western District of Texas, El Paso Division
3:04-CR-774-ALL-PRM
--------------------

Before BENAVIDES, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Prajedis Vargas-Varela ("Appellant") contests his federal conviction and sentence for illegal reentry into the United States after removal. We find no merit in his substantive challenge to the conviction. However, Appellant's claim that the district court sentenced him in violation of *United States v. Booker*, 125 S. Ct. 738 (2005), is valid. Thus, we vacate the sentence and remand.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

## I. Background

Appellant was born in Mexico and became a lawful permanent resident of the U.S. in 1990. In 1998, he was convicted in Texas of felony DWI (driving while intoxicated). Due to this conviction, an immigration judge ordered Appellant removed from the U.S. as an aggravated felon. The Board of Immigration Appeals subsequently dismissed an appeal of this decision and Appellant was removed from the country. In 2003, Appellant was found in the U.S., the removal order was reinstated, and he was again removed.

In 2004, Appellant was arrested in Texas and charged with illegal reentry after removal pursuant to 8 U.S.C. § 1326. He moved for dismissal, arguing, *inter alia*, that his prior removal had been fundamentally unfair because it was based on an erroneous interpretation of law. The district court denied Appellant's motion. Appellant waived his right to a jury trial and the district court subsequently found him guilty on stipulated facts. The probation officer recommended in the PSR (presentence report) that Appellant's criminal history score be raised from eight points to ten, pursuant to U.S.S.G. § 4A1.1(e), because Appellant committed the reentry offense within two years of being released from custody. Appellant objected, arguing that this was not based on facts admitted by him or alleged in the indictment, and thus violated the rule of *Blakely v. Washington*,

542 U.S. 296 (2004).

The district court overruled the objection. It determined that Appellant had an offense level of ten, a criminal history of V, and a guideline sentence range of 21 to 27 months. The court sentenced him to 24 months in prison.

## II. Discussion

Appellant's initial argument is that the district court erred by not granting his motion to dismiss due to the invalidity of his prior removal. Assuming *arguendo* that Appellant has correctly identified substantive legal error in the immigration judge's order removing him from the U.S. because of the DWI conviction, it is clear that Appellant has failed to meet the rather stringent standard we apply for granting relief in such a case.

In *United States v. Mendoza-Lopez*, 481 U.S. 828 (1987), the Supreme Court held that a defendant prosecuted under § 1326 could, under very limited circumstances, collaterally attack the underlying deportation or removal order. We subsequently delineated this narrow exception to the general proscription of collateral challenges as follows: "[A]n alien challenging a prior removal [must] establish that (1) the removal hearing was fundamentally unfair; (2) the hearing effectively eliminated the right of the alien to challenge the hearing by means of judicial review of the order; and (3) the procedural deficiencies caused

the alien actual prejudice." *United States v. Lopez-Ortiz*, 313 F.3d 225, 229 (5th Cir. 2002); *accord United States v. Hernandez-Avalos*, 251 F.3d 505, 507 (5th Cir. 2001). This formulation was subsequently codified in 8 U.S.C. § 1326(d). The United States argues that Appellant cannot establish that the underlying proceeding was "fundamentally unfair." We agree.

We review de novo Appellant's claim regarding the underlying removal order. *See United States v. Estrada-Trochez*, 66 F.3d 733, 735 (5th Cir. 1995). A proceeding is fundamentally unfair when it violates the defendant's procedural due process rights. *See Lopez-Ortiz*, 313 F.3d at 230; *see also United States v. Calderon-Pena*, 339 F.3d 320, 324 (5th Cir. 2003). "The Supreme Court has stated that due process requires that an alien who faces deportation be provided (1) notice of the charges against him, (2) a hearing before an executive or administrative tribunal, and (3) a fair opportunity to be heard." *Lopez-Ortiz*, 313 F.3d at 230. Appellant does not claim that his removal proceeding lacked such procedural processes. Thus, we affirm Appellant's conviction.

Appellant argues that he was sentenced in violation of *United States v. Booker*, 125 S. Ct. 738 (2005). The United States agrees, concedes that Appellant preserved the error, and recognizes that remand and resentencing in accordance with *Booker* and *United States v. Mares*, 402 F.3d 511 (5th Cir. 2005), is

appropriate.  In light of this concession, we remand for resentencing.

**III. Conclusion**

Accordingly, we AFFIRM Appellant's conviction, VACATE his sentence and REMAND to the district court for resentencing.