

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-21-2005

# Yilmaz v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3790

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Yilmaz v. Atty Gen USA" (2005). *2005 Decisions.* Paper 367.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/367

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 04-3790
_____

KOKSAL YILMAZ,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A70-851-394)

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 20, 2005

BEFORE: SCIRICA, Chief Judge, VAN ANTWERPEN and ALDISERT, Circuit Judges

(Filed: October 21, 2005)

OPINION

VAN ANTWERPEN, Circuit Judge

Petitioner Koksal Yilmaz ("Yilmaz") has filed three motions to reopen a removal

order issued *in absentia* by an Immigration Judge ("IJ") on July 6, 1994. The most

recent motion was denied by the Board of Immigration Appeals ("BIA") on September 16, 2004, holding that it was barred by the time and numerical limitations imposed by 8 C.F.R. § 1003.2(c)(2), and this Petition for Review followed. For the reasons set forth below, we will deny the Petition.

## I. FACTUAL AND PROCEDURAL HISTORY

Yilmaz is a native of Turkey who legally entered the United States as a non-immigrant visitor on October 28, 1993. Yilmaz failed to comply with the requirements of his non-immigrant visitor status, and the former INS[1] initiated removal proceedings by personally serving him with an Order to Show Cause ("OSC") on December 28, 1993. The OSC advised Yilmaz that he could be deported *in absentia* if he failed to appear at his hearing. However, the OSC did not contain any information regarding the time and place of Yilmaz's impending hearing. Instead, it stated that a notice of hearing would be sent to his last known address and advised Yilmaz to report any change in address to the IJ. As of December 28, 1993, Yilmaz resided at 114 Ironwood, Levittown, PA.

On February 16, 1994, the Immigration Court sent a notice of hearing via certified mail to Yilmaz at 114 Ironwood. However, by that time, Yilmaz had moved without informing the authorities of the address change, as he was instructed to do in the OSC. The notice of hearing was thus returned to the Immigration Court "unclaimed" on March

---

[1] We use the term "INS" to include the former Immigration and Naturalization Service as well as its successor agencies, the Department of Homeland Security, the Bureau of Border Security, and the Bureau of Immigration and Customs Enforcement.

2

10, 1994. When Yilmaz subsequently did not appear at the hearing, the IJ proceeded *in absentia*, found Yilmaz deportable, and issued an order of deportation, which was also sent to his last known address at 114 Ironwood.

On December 19, 1995, Yilmaz married a United States citizen, who filed a visa petition on behalf of Yilmaz on May 14, 1996. The petition was approved on August 16, 1996. In early 1996, Yilmaz retained Steven Vosbikian, Esq. ("Vosbikian"), who filed a motion to reopen Yilmaz's immigration proceedings in order to seek an adjustment of status based solely on his marriage to a citizen. On January 15, 1998, an IJ denied the motion, finding that Yilmaz failed to present exceptional circumstances justifying his absence at the initial deportation hearing. The BIA affirmed on November 10, 1999, finding that the motion to reopen was untimely under 8 C.F.R. § 1003.23(b)(1) and that Yilmaz failed to include his application for adjustment of status and supporting documents with the motion, as required by 8 C.F.R. §§ 1003.2© and 1003.23(b)(3).

On December 8, 1999, Yilmaz, still represented by Vosbikian, filed a motion for "reconsideration," asserting the same arguments as the previous motion to reopen, but this time attaching the appropriate supporting documentation. Because this motion included new evidence, the BIA determined that it was actually a second motion to reopen, rather than a motion for reconsideration. *Compare* 8 U.S.C. § 1229a(c)(6) *with* 8 U.S.C. § 1229a(c)(7). The BIA thus denied this second motion to reopen on September 26, 2002, finding that it was numerically barred under 8 C.F.R. § 1003.2(c)(2).

3

After hiring new counsel, Maria Isabel A.N. Thomas ("Thomas"), Yilmaz filed his first petition for review with this Court seeking review of the BIA's denial of the second motion to reopen. We found that the BIA erred in applying the numerical limitations of § 1003.2(c)(2). *See* 8 C.F.R. § 1003.2(c)(3) (setting forth an exception to the numerical limitation on motions to reopen for motions to reopen proceedings that were conducted *in absentia*). However, we held that the second motion was properly denied because it failed to correct the untimeliness of the first motion to reopen. *Yilmaz v. Ashcroft*, 83 Fed. Appx. 413, 415-16 (3d Cir. 2003).

Yilmaz now attributes the shortcomings in his first two motions to reopen to his prior counsel, Vosbikian, and he filed a third motion to reopen on March 22, 2004, claiming ineffective assistance of counsel.[2] The BIA denied the motion on September 16, 2004, holding that it was both untimely and numerically barred under § 1003.2(c)(2). Yilmaz argued that the time for filing his motion to reopen should be equitably tolled because his failure to timely file was due to Vosbikian's ineffectiveness. The BIA rejected this argument, finding that Yilmaz was on notice of Vosbikian's alleged ineffectiveness when his prior motions to reopen were denied in November 1999 and September 2002. Thus, even if equitable tolling were applicable, the BIA found that it

---

[2]While his first petition for review was pending in this Court, Yilmaz also filed an attorney grievance against Vosbikian before the Ethics Committee of the Supreme Court of New Jersey (the Ethics Committee"). The Ethics Committee dismissed the grievance on January 8, 2004, and Yilmaz re-filed on March 5, 2004. The second grievance is still pending before the Ethics Committee.

would not extend Yilmaz's filing deadline as far as March 22, 2004. Yilmaz filed a Petition for Review with this Court on September 24, 2004.

## II. JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction over Yilmaz's timely Petition for Review pursuant to 8 U.S.C. § 1252.[3] We review the BIA's denial of a motion to reconsider or reopen for abuse of discretion. *Sevoian v. Ashcroft*, 290 F.3d 166, 170 (3d Cir. 2002).

## III. ANALYSIS

As we previously noted in *Yilmaz*, 83 Fed. Appx. at 416, Yilmaz's time to file a motion to reopen expired, pursuant to 8 C.F.R. § 1003.23(b)(1), on September 26, 1996. Yilmaz now asserts two bases for excusing his failure to timely file. First, he asserts that the delay was caused by Vosbikian's ineffectiveness. Second, he invokes 8 C.F.R. § 1003.23(b)(4)(iii)(A)(2), which allows an alien whose deportation order was entered *in absentia* to file a motion to reopen "[a]t any time if the alien demonstrates that he or she did not receive notice. . . ." We will address each of these arguments in turn.

---

[3] The Petition for Review in this case was filed prior to the enactment of Real ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231. Under pre-Real ID Act law, we applied the transitional rules of § 309© of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009, to cases in which immigration proceedings were initiated prior to April 1, 1997. Under those rules, our jurisdiction over a petition for review was defined by the former Immigration and Nationality Act ("INA") § 106, 8 U.S.C. § 1105a (repealed). However, § 106(d) of the Real ID Act states: "TRANSITIONAL RULE CASES. – A petition for review filed under former section 106(a) of the [INA] . . . shall be treated as if it had been filed as a petition for review under section 242 of the [INA] (8 U.S.C. 1252), as amended by this section." Jurisdiction over Yilmaz's Petition for Review is therefore governed by § 1252, even though his removal proceedings were initiated prior to April 1, 1997.

First, regarding the alleged ineffectiveness of counsel in failing to file a timely motion to reopen, we agree with the BIA that equitable tolling, if applicable, would not extend Yilmaz's filing date to March 22, 2004.  Even if we accept the argument that Vosbikian's representation was deficient and prejudiced Yilmaz by "wast[ing] petitioner's one opportunity to reopen," *Lariz v. INS*, 282 F.3d 1218, 1224 (9th Cir. 2002),[4] Yilmaz was represented by new counsel by November 2002.   At that time, Yilmaz had sent a letter to Vosbikian indicating that he was displeased with Vosbikian's representation.  Moreover, Yilmaz filed the Ethics Committee grievance against Vosbikian on December 17, 2002.

It is therefore apparent that Yilmaz had actual knowledge of the alleged errors of his prior counsel at least 16 months before he filed the motion to reopen alleging ineffective assistance.  As such, even if the September 30, 1996 filing deadline should have been equitably tolled for a period necessary to account for Vosbikian's alleged

---

[4] To the extent that Yilmaz asserts a separate claim that Vosbikian's representation was constitutionally ineffective such that Yilmaz was deprived of his Fifth Amendment right to due process in his immigration proceeding, that claim must also fail.  Yilmaz does not claim that Vosbikian was responsible for his failure to appear before the IJ.  Indeed, he cannot make this claim, as he did not retain Vosbikian until 1996.  Rather, Yilmaz claims that Vosbikian's "ineffectiveness" arose from his failure to file a timely and complete motion to reopen.  Although this Court has recognized a Fifth Amendment right to counsel in immigration proceedings, *see, e.g.*, *Ponce-Leiva v. Ashcroft*, 331 F.3d 369 (3d Cir. 2003), that right has not been extended to guarantee effective assistance in the filing of motions to reopen or reconsider.

negligence, that period would have run long before March 22, 2004.[5]

Yilmaz asserts, however, that the filing deadline should be further tolled until January 8, 2004, when the Ethics Committee officially dismissed his grievance against Vosbikian. He states that he "assum[ed] that he should have a positive determination of Mr. Vosbikian's malfeasance before he could file a motion to reopen his case. . . ." Brief for Petitioner at 17-18. However, Yilmaz has provided no authority indicating that obtaining a positive determination is a necessary prerequisite to filing a motion to reopen based on ineffective assistance of counsel.

In *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1998), the BIA set forth procedural requirements that must be satisfied in order to reopen immigration proceedings based on an ineffective assistance claim, one of which is the "bar complaint" requirement. Under this requirement, the alien must either file a complaint against former counsel with the appropriate disciplinary authorities or explain his failure to do so. Although an alien is required to *file* a bar complaint, this does not create an obligation to *obtain a positive determination* from the disciplinary authorities before filing a motion to reopen.

---

[5] Yilmaz's argument that we should grant *nunc pro tunc* relief to deem his motion to reopen to have been timely filed also fails for the same reasons. *Nunc pro tunc*, literally "now for then," allows a court sitting in equity to deem an action to have been taken as of a time when it should have been taken, but was not due to circumstances not attributable to the laches of the parties. *Mitchell v. Overman*, 103 U.S. 62, 65 (1881); *see also Edwards v. INS*, 393 F.3d 299, 308-311 (2d Cir. 2004); *Iavorski v. INS*, 232 F.3d 124, 130 n.4 (2d Cir. 2000); *Batanic v. INS*, 12 F.3d 662, 667 (7th Cir. 1993). Here, even if a certain measure of delay were due to attorney or agency error, that the delay was prolonged to the late date of March 22, 2004, is directly attributable to the inaction of Yilmaz and his current counsel.

7

Moreover, as Yilmaz himself points out, this Court has stated that the bar complaint requirement "is not an absolute requirement," and that "the failure to file a complaint is *not* fatal if a petitioner provides a reasonable explanation for his or her decision." *Lu v. Ashcroft*, 259 F.3d 127, 135 (3d Cir. 2001) (emphasis in original). Therefore, because Yilmaz was not in fact required to wait for the Ethics Committee determination, the filing of a grievance against Vosbikian cannot justify equitable tolling beyond the date when Yilmaz and his current counsel learned of his prior attorney's alleged ineffectiveness.[6]

We also find that Yilmaz cannot justify his late filing based on a lack of oral notice of the consequences of failing to appear for his hearing. Because Yilmaz's immigration proceedings were initiated prior to the 1996 amendments to the INA, we must apply the notice requirements set forth in former INA § 242B (repealed). Under that section, an alien could file for reopening of an *in absentia* deportation order "at any time" by demonstrating that he did not receive notice "in accordance with paragraph (a)(2)." INA § 242B(c)(3) (repealed). Section 242B(a)(2) in turn only required *written* notice, either in person or by certified mail. Such written notice was sufficient under the Act if it was sent to the last known address provided by the alien. INA § 242B(c)(1) (repealed); *cf. Fuentes-Argueta v. INS*, 101 F.3d 867, 872 (2d Cir. 1996) (notice sent by certified mail to

---

[6] We note in passing that the very error that Yilmaz claims rendered Vosbikian's assistance ineffective – untimely filing of a motion to reopen – was actually repeated by his current counsel. We also note the numerous typographical, legal, and logical errors in the Petitioner's Brief to this Court. Notwithstanding these deficiencies, we were not hindered in our ability to determine the merits of this case.

the alien's last known address was sufficient under the INA where the alien failed to inform the court of an address change, even though it was returned "unclaimed").

As such, the Immigration Court sent notice "in accordance with paragraph (a)(2)," and Yilmaz therefore cannot benefit from the language of former § 242B(c)(3) that allowed filing of a motion to reopen "at any time." Moreover, an alien who wished to move to reopen based on a lack of *oral* notice could do so in accordance with former § 242B(e)(1), which did not permit motions to be filed "at any time," but rather required the movant to comply with the time limitations imposed under 8 C.F.R. § 1003.23(b). Therefore, the lack of *oral* warning did not entitle Yilmaz to file a motion to reopen "at any time" under the pre-IIRIRA immigration laws.

Finally, although the notice provided by the Immigration Court was sufficient under the statute, Yilmaz also asserts that the entry of a deportation *in absentia* without first providing him an oral warning of the consequences of failing to appear violated his Fifth Amendment right to due process. The Due Process clause requires that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). This does not impose a requirement that notice is actually received.

In this case, the OSC instructed Yilmaz to inform the IJ of any address change and warned him of the consequences of failing to do so. The OSC also warned Yilmaz that

9

he could be ordered deported *in absentia* if he failed to attend his impending hearing. Yilmaz ignored these warnings and neglected to inform the IJ of his address change. The court's certified mailing of the notice of hearing to Yilmaz's last known address was thus reasonably calculated under the circumstances to reach him. *See Fuentes-Argueta*, 101 F.3d at 872; *see also Gurung v. Ashcroft*, 371 F.3d 718, 721 (10th Cir. 2004); *United States v. Estrada-Trochez*, 66 F.3d 733, 735 (5th Cir. 1995).

## IV. CONCLUSION

In sum, Yilmaz has offered no legally sufficient excuse for delaying the filing of his current motion to reopen until March 22, 2004. He has also failed to establish a cognizable due process claim. We therefore find no abuse of discretion in the BIA's decision to deny the motion. For the foregoing reasons we will deny the Petition for Review.