United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60961
Summary Calendar

_____

STOIL JELEV TODOROV,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
No. A75 322 116
---------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Stoil Todorov petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the decision of the immigration judge ("IJ") denying his motion to reopen the removal proceedings and to rescind an <u>in absentia</u> order of removal. Todorov argues that he is entitled to have the removal proceedings reopened and the <u>in absentia</u> order rescinded because there is

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

objective evidence that he did not receive notice of the hearing date. He contends that the Immigration and Naturalization Service ("INS") denied him due process by releasing him without obtaining his address. He also asserts that he was misled by the fraudulent assertion of an immigration consultant that he was not required to provide his address.

Motions to reopen removal proceedings are not favored. INS v. Doherty, 502 U.S. 314, 323 (1992). The Attorney General has broad discretion to grant or deny such motions, and there is no general statutory authority for reopening deportation proceedings. Id. at 322-23. Thus, the denial of a motion to reopen is reviewed only for abuse of discretion. Id. at 323.

Todorov had a statutory duty to provide the Attorney General with a contact address. 8 U.S.C. § 1229(a)(1)(F)(i). The requirement that an alien receive a written notice of a hearing date is inapplicable if he fails to do so. 8 U.S.C. § 1229a(b)(5)(B).

The record reflects that Todorov was given oral notice, in the Bulgarian language, that he was required to provide an address and of the consequences of failing to do so. Todorov does not dispute that he failed to provide a specific contact address.

Todorov did not file a timely motion to have the in absentia order of removal set aside and did not show that his failure to appear was caused by exceptional circumstances beyond his control. 8 U.S.C. § 1229a(b)(5)(C)(i). Further, he cannot rely on equitable estoppel to toll the time limitation, because he waited four years

after learning about the final order of removal to file a motion to reopen. Todorov's due process argument also fails because his failure to provide an address is the reason he did not receive notice. See United States v. Estrada-Trochez, 66 F.3d 733, 735-36 (5th Cir. 1995). Todorov was not entitled to have the matter re-opened, because he failed to establish grounds entitling him to permanent relief. See Ogbemudia v. INS, 988 F2d 596, 600 (5th Cir. 1993).

The petition for review is DENIED.