United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60359
Conference Calendar
_____

ROSA FRAGA-PUENTES,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77 520 425
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Rosa Fraga-Puentes has filed a petition for review of a
final order of the Board of Immigration Appeals (BIA) affirming
the denial of her motion to reopen her removal proceeding.
Fraga-Puentes was ordered removed in absentia when she failed to
appear for her removal hearing.

     Fraga-Puentes argues that the BIA abused its discretion in
light of evidence that she failed to receive notice of the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

removal hearing.  She also argues that the BIA's decision was an abuse of discretion because the lack of notice violated her due process rights.

We have reviewed the record and the briefs submitted by the parties and have determined, in view of the substantial evidence, that Fraga-Puentes, either actually or constructively, received the Notice to Appear at her father's address, that she did not thereafter provide any different address to which the notice of her removal hearing should be sent, and that the BIA therefore did not abuse its discretion in denying her motion to reopen. See Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001); Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000); see also In re G-Y-R, 23 I & N Dec. 181 (BIA 2001).  In addition, the mailing of the notice of the hearing to the last address provided by Fraga-Puentes did not violate due process.  See United States v. Estrada-Trochez, 66 F.3d 733, 735-36 (5th Cir. 1995). Accordingly, Fraga-Puentes's petition for review is DENIED.