United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 27, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60877
Summary Calendar

THAKOR RAMESH

Petitioner

v.

ALBERTO R GONZALES, US ATTORNEY GENERAL

Respondent

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A73 757 285
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Thakor Ramesh[**] petitions for review of a final order of the
Board of Immigration Appeals (BIA) affirming an Immigration
Judge's (IJ) denial of Ramesh's motion to reopen his deportation
proceedings.  In 1995, Ramesh was ordered deported in absentia
after he failed to appear for a hearing.  Ramesh argues that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[**] Mr. Ramesh asserts that his true name is Chetan Rajendrabhai Patel.  Blue brief, 2.

did not receive notice of the hearing where he was ordered deported in absentia and that the lack of notice caused his deportation proceeding to violate principles of due process. The Government contends that Ramesh's due process argument is barred from judicial review because he failed to raise it before the BIA.

An alien's failure to exhaust an issue before the BIA is a jurisdictional bar to judicial consideration of the issue; however, the exhaustion requirement does not apply to claims of due process violations, except to the extent that such claims involve procedural errors that are correctable by the BIA. Wang v. Ashcroft, 260 F.3d 448, 452 (5th Cir. 2001); Roy v. Ashcroft, 389 F.3d 132, 137 (5th Cir. 2004).

As Ramesh's claim does not involve a procedural error, we have jurisdiction to review his due process argument. Roy, 389 F.3d at 137. Our review of the record and the briefs makes it clear that the lack of notification occurred solely because Ramesh gave a false name to immigration authorities; thus, no due process violation occurred. See United States v. Estrada-Trochez, 66 F.3d 733, 735-36 (5th Cir. 1995). The BIA's affirmance of the IJ's determination that Ramesh was at fault for his failure to receive notice of the deportation hearing is supported by substantial evidence and is not arbitrary or without foundation. Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001); Singh v. Gonzales, 436 F.3d 484, 487 (5th Cir. 2006).

PETITION DENIED.