United States Court of Appeals
Fifth Circuit

**F I L E D**

July 30, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-61113
Summary Calendar

ALEXANDRE RYBAKOV,

Petitioner,

v.

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A76 135 441

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Alexandre Rybakov has filed a petition for review of a final order of the
Board of Immigration Appeals ("BIA") affirming the denial of his motion to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

reopen his deportation proceeding. Rybakov was ordered removed in absentia on February 1, 1999, when he failed to appear for his removal hearing. He argues that he did not receive notice of the hearing and that his counsel rendered ineffective assistance.

Rybakov's argument that he did not receive notice of the hearing is belied by the record. He was personally served with a notice to appear, which included his address, and was warned in his native language that he was required to keep the immigration court apprised of his address and was told of the consequences of failing to do so. Two hearing notices were mailed to Rybakov, and neither of them was returned to the immigration court as undeliverable. Rybakov admits that he moved to Michigan shortly after he was served with the notice to appear, but the record is devoid of any notice from Rybakov regarding his change of address. See Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 350 (5th Cir. 2002). Because Rybakov was informed of his duty to provide the immigration court with his address but failed to do so, he was not entitled to notice of the hearing. 8 U.S.C. § 1229a(b)(5)(B).

Rybakov's argument that he received ineffective assistance of counsel likewise fails; he did not establish that his counsel's actions prejudiced him. See Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000).

The BIA did not abuse its discretion in denying the motion to reopen. See id.; United States v. Estrada-Trochez, 66 F.3d 733, 735-36 (5th Cir. 1995). Accordingly, the petition for review is DENIED.