# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 29, 2007

Charles R. Fulbruge III
Clerk

No. 06-60319
Summary Calendar

ROBERT RANDALL WATSON

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A28 319 026

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Robert Randall Watson, a native and citizen of Jamaica, has filed three petitions for review of the Board of Immigration Appeals' (BIA) orders dismissing his motions to reopen and reconsider the 1988 deportation proceedings that resulted in an order of deportation being entered in absentia against him.  Watson seeks to reopen the proceedings so that he can apply for adjustment of status to a lawful permanent resident based on being the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

beneficiary of an I-130 relative visa petition, which was filed on behalf of his United States citizen wife. Watson contends that he did not receive notice of the deportation hearing due to his counsel's ineffectiveness. He also contends that the deportation order is invalid because the hearing notice and the Order to Show Cause failed to advise him of his statutory duty to inform the Government of any change in his address.

The BIA's denial of an appeal and its denial of a motion to reconsider are two separate final orders, each of which require their own petitions for review. Stone v. I.N.S., 514 U.S. 386, 394 (1995). An alien must file his petition for review "not later than 30 days after the date of the order of final removal." 8 U.S.C. §1252(b)(1). A timely petition for review is a jurisdictional requirement, and the lack thereof deprives this court of jurisdiction to review a decision of the BIA. § 1252(a)(5); Karimian-Kaklaki v. I.N.S., 997 F.2d 108, 111 (5th Cir. 1993). In the instant case, Watson filed timely petitions for review from the BIA's March 22, 2006 and November 13, 2006 decisions. However, he did not file a timely petition for review from the BIA's February 6, 2007 decision. Accordingly this court is without jurisdiction to review that petition for review. See Karimian-Kaklaki, 997 F.2d at 111.

Watson had an obligation to notify the Attorney General of any changes to his address. 8 U.S.C. § 1305(a) (1986). Notice of Watson's deportation hearing was properly mailed to his last known address. See United States v. Estrada-Trochez, 66 F.3d 733, 735-36 (5th Cir. 1995). The notice was returned as undeliverable, however, because Watson moved without providing a forwarding address. Watson has not shown any error in the BIA's determination that lack of notice, under these circumstances, does not constitute reasonable cause for failure to appear. Id. at 736. Consequently, Watson has failed to demonstrate that the BIA abused its discretion in denying his motions to reopen and reconsider. See Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000).

Accordingly his petitions for review are DENIED in part and DISMISSED in part for lack jurisdiction.  His motion to amend his reply brief is DENIED as moot.