# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-60063
Summary Calendar

ANGELA GUALPA-MIZHQUIRI

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77 699 890

Before GARWOOD, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Angela Gualpa-Mizhquiri, a native and citizen of Ecuador, petitions this court for review of the Board of Immigration Appeals's (BIA) decision dismissing her appeal of an Immigration Judge's (IJ) denial of her June 2006 motion to reopen removal proceedings. An IJ had in November 2000 entered an order of removal against Gualpa-Mizhquiri in absentia after she failed to appear at her removal hearing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The sole contention raised by Gualpa-Mizhquiri in her brief in support of her petition for review is that the BIA's dismissal of her appeal denied her the due process of law because she had not been provided, as required by statute, a list of qualified individuals who might have been available to represent her during her removal proceedings free of charge. She contends that she was denied a realistic opportunity to obtain counsel for her removal proceedings. This court lacks jurisdiction to consider Gualpa-Mizhquiri's argument because she failed to exhaust her available administrative remedies by raising that issue before the BIA. See Townsend v. INS, 799 F.2d 179, 181-82 (5th Cir. 1986). See also Pjetri v. Gonzales, 468 F.3d 478, 481 (7th Cir. 2006).[1]

In her petition for review itself Gualpa-Mizhquiri conclusorily asserts without explanation that the BIA abused its discretion by dismissing her appeal from the IJ's decision to deny her motion to reopen. By failing to adequately brief her claim that the BIA abused its discretion in dismissing her appeal, Gualpa-Mizhquiri has abandoned the issue. See Chambers v. Mukasey, 520 F.3d 445, 448 n.1 (5th Cir. 2008); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993) (holding that claims not adequately argued in the body of the brief are deemed abandoned on appeal). In any event, the BIA's dismissal was proper. See United States v. Estrada-Trochez, 66 F.3d 733, 735-36 (5th Cir. 1995).

PETITION FOR REVIEW DISMISSED IN PART, DENIED IN PART.

---

[1]We also note that the administrative record does not reflect that any such claim was raised before the IJ in connection with the motion to reopen; and the record does contain evidence that petitioner was provided such a list and does not contain evidence that such a list was not so provided. We further observe that petitioner has conceded removability and only asserts that she desires to pursue adjustment of status.