# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 10, 2012

No. 11-20136
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS REQUENA VASQUEZ, Also Known as Jose Luis Requena,
Also Known as Jose Luis Requena-Vasquez, Also Known as Jose L. Requena,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:10-CR-408-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Requena Vasquez appeals his conviction under 8 U.S.C. § 1326 for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20136

illegal reentry following removal, challenging the denial of his motion to dismiss the indictment. He asserts that the underlying removal order was defective because his waiver of counsel during the removal proceeding was unknowing and involuntary, he was denied the right to appointed counsel, his waiver of appeal was unknowing and involuntary, and the immigration judge failed to rule on his request for pre-conclusion voluntary departure.

Requena Vasquez fails to show a reasonable likelihood that, but for the alleged defects in the removal proceeding, he would not have been removed. *See United States v. Estrada-Trochez*, 66 F.3d 733, 735 (5th Cir. 1995); *see also United States v. Villanueva-Diaz*, 634 F.3d 844, 852 (5th Cir. 2011) (stating that speculation that an alien would not have been removed is not sufficient). Because he does not establish the required element of prejudice, Requena Vasquez's challenge to the indictment fails. *See United States v. Lopez-Ortiz*, 313 F.3d 225, 229 (5th Cir. 2002); § 1326(d).

The judgment is AFFIRMED.