**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 28, 2012

No. 10-50874

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEZIEL LARA-ALBERTO, a/k/a Danniel Franco, a/k/a Abner Lara-Palacios,
a/k/a Arnold Jeziel,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CR-64

Before HIGGINBOTHAM, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Appellant Jeziel Lara-Alberto appeals his conditional guilty plea felony
conviction for illegal reentry in violation of 8 U.S.C. § 1326, collaterally attacking
his original and underlying in absentia removal proceedings by arguing that
those proceedings violated his due process rights.  As we previously have set
forth,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-50874

> In order successfully to collaterally attack a deportation
> order in a § 1326 prosecution, the alien must show (1)
> that the deportation hearing was fundamentally unfair,
> (2) that the hearing effectively eliminated the right of
> the alien to challenge the hearing by means of judicial
> review of the deportation, and (3) the procedural
> deficiencies caused him actual prejudice.

*United States v. Benitez-Villafuerte*, 186 F.3d 651, 658 (5th Cir. 1999) (citations omitted).[1] "The law is clearly established that a showing of actual prejudice is required to succeed in such a collateral attack." *Id.* (citations omitted). "A showing of prejudice means 'there was a reasonable likelihood that but for the errors complained of the defendant would not have been deported.'" *Id.* at 658-59 (quoting *United States v. Estrada-Trochez*, 66 F.3d 733, 735 (5th Cir. 1995)).

Lara-Alberto contends that despite having been advised by the immigration court of his right to file a motion to reopen his deportation hearing, for which he had failed to appear, USCA5 80, the government's later communication to him, instructing him to report for deportation, contained a misrepresentation that he was ineligible for "administrative relief," hence constructively denied him the right to file a motion to reopen the proceedings based on "exceptional circumstances." *See* 8 U.S.C. § 1229a(b)(5)(C)(i) (allowing for rescission of an in absentia removal order "upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances . . . .").[2]

---

[1] Lara-Alberto and the government both argue that Lara-Alberto's arguments with respect to the first prong are foreclosed by *United States v. Lopez-Ortiz*, 313 F.3d 225, 229-31 (5th Cir. 2002), which held that eligibility for discretionary relief is not a liberty or property interest warranting due process protection and, therefore, the failure of an immigration judge to explain an alien's eligibility for such relief does not render the proceedings fundamentally unfair. As discussed infra, because no showing of actual prejudice has been made, we do not need to apply our *Lopez-Ortiz* decision to this case.

[2] Exceptional circumstances are statutorily defined as "exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of

2

No. 10-50874

However, at the hearing on his motion to dismiss the indictment, Lara-Alberto did not argue, and did not offer any evidence demonstrating, that exceptional circumstances existed.[3]  Accordingly, the district court did not clearly err in finding that Lara-Alberto did not suffer actual prejudice as a result of the government's misrepresentation.  Absent a showing of prejudice resulting from the alleged denial of due process rights, Lara-Alberto's challenge to the indictment fails. *See United States v. Villanueva-Diaz*, 634 F.3d 844, 852 (5th Cir. 2011).

The judgment is AFFIRMED; nothing else open made to justice, all outstanding motions are denied as moot.

---

the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1229a(e)(1).

[3] Instead, Lara-Alberto asks this court to infer the existence of exceptional circumstances based on his representation that at the time of his scheduled removal hearing, he was a minor in the care of his older brother, living 300 miles away from the site of the hearing. Appellant's Br. 17.  Even if such circumstances were to qualify as "exceptional" as defined in § 1229a(e)(1), the assertion is unsupported by any evidence and is waived because Lara-Alberto never raised it before the district court. *See Nunez v. Allstate Ins. Co.*, 604 F.3d 840, 846 (5th Cir. 2010) ("An argument not raised before the district court cannot be asserted for the first time on appeal.") (internal quotation marks and citations omitted).