**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 10, 2012

No. 11-60632
Summary Calendar

Lyle W. Cayce
Clerk

VERONICA MUNOS-BANEGA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A077 620 129

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Veronica Munos-Banega petitions for review of the Board of Immigration Appeals' (BIA) decision denying her motion to reopen removal proceedings. That motion was filed approximately ten years after notices to appear were sent to Munos.

Munos contends:  she did not receive the requisite statutory notice of the date and time of her removal proceedings; and, improper service violated her due-process rights.  The denial of a motion to reopen is reviewed for abuse of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60632

discretion. *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). Conclusions of law are reviewed *de novo;* factual findings, for substantial evidence. *Id.*

Munos' contentions–that the notice to appear was defective because it did not include the specific date and time of her removal hearing and that she did not receive oral notice of the consequences of failing to appear–are unavailing. *See id.* at 358-59 (finding notice effective when defendant fails to keep court apprised of current address and concluding notice need not include specific time and date to satisfy statute). When sent by regular mail, as in this instance, there is a presumption of delivery and receipt of the notice of hearing, but it is weaker than when sent by certified mail. *Matter of M–R–A*, 24 I. & N. Dec. 665, 673 (BIA 2008). Substantial evidence supports the immigration judge's (IJ) finding that Munos failed to overcome this weaker presumption. *See id.* at 673-74. Substantial evidence also supports the determination that Munos had constructive notice of the mailing and, thus, the IJ did not err in entering the *in absentia* order of removal. Accordingly, Munos' not having rebutted the presumption that she received effective notice of the hearing, her due-process rights were not violated. *See United States v. Estrada-Trochez*, 66 F.3d 733, 735-36 (5th Cir. 1995). In the light of these conclusions, there was no abuse of discretion.

DENIED.