# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2020

Lyle W. Cayce
Clerk

No. 19-60430
Summary Calendar

Yi Bin Sun,

*Petitioner*,

*versus*

William P. Barr, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 094 178

Before Jones, Barksdale, and Stewart, *Circuit Judges*.

Per Curiam:[*]

Yi Bin Sun, a native and citizen of China, petitions for review of the Board of Immigration Appeals' (BIA) denying his motion for reconsideration following the BIA's dismissing his appeal of an Immigration Judge's (IJ) denial of his motion to reopen. He contends: because he did not receive

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60430

actual notice of his removal hearing, the IJ's *in absentia* removal order violated his due-process rights. Constitutional claims and questions of law are reviewed *de novo*. *See Sattani v. Holder*, 749 F.3d 368, 370 (5th Cir. 2014). Further, denial of motions to reopen and for reconsideration are reviewed under a highly deferential abuse-of-discretion standard. *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005).

The BIA did not abuse its discretion by denying the motion for reconsideration where the evidence showed that the notice to appear (NTA) was served via mail addressed to Sun in conformity with the address he provided. *See* 8 U.S.C. § 1229a(b)(5)(A); *see also Zhao*, 404 F.3d at 303. An alien who does not receive actual notice of a removal hearing due to his failure to provide his current mailing address, as required by 8 U.S.C. § 1229(a)(1)(F), cannot demonstrate that he did not receive the statutorily-required notice. *Gomez-Palacios v. Holder*, 560 F.3d 354, 360–61 (5th Cir. 2009). Before the BIA, Sun admitted that he moved residences, with the understanding that the owner of his former residence would forward his mail. Therefore, he conceded that he did not fulfill his obligation to update his address with the immigration court, and written notice of the deportation hearing was not required. 8 U.S.C. § 1229(a)(1)(F), (a)(2)(B). In addition, Sun's due-process rights were not violated because service of the NTA was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections". *Lopez-Dubon v. Holder*, 609 F.3d 642, 646 (5th Cir. 2010) (internal quotation marks and citation omitted); *see United States v. Estrada-Trochez*, 66 F.3d 733, 736 (5th Cir. 1995).

DENIED.