# United States Court of Appeals
# for the Fifth Circuit

—————————

No. 25-60214
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
October 21, 2025

Lyle W. Cayce
Clerk

JOSE FRANSISCO PERALTA,

*Petitioner*,

*versus*

PAMELA BONDI, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A070 007 031

———————————————————

Before STEWART, HAYNES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Jose Fransisco Peralta, a native and citizen of El Salvador, petitions for review of the decision of the Board of Immigration Appeals (BIA) upholding the immigration judge's denial of his motion to reopen. Peralta filed the motion in 2018 to challenge the in absentia deportation order entered when he did not appear at his scheduled hearing on September 5,

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

1991. A notice of the hearing was sent by regular mail to the address designated by Peralta, but it was marked returned to sender without delivery.

Because the BIA adopted the immigration judge's decision and added its own reasoning as well, we consider both the BIA's decision and the decision of the immigration judge. *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002). We review the denial of a motion to reopen under "a highly deferential abuse-of-discretion standard." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). The agency's factual findings are reviewed under the substantial evidence standard. *Id.*

Peralta's in absentia deportation order was entered in 1991, so his deportation proceedings are governed by the former INA § 242(b). *See Williams-Igwonobe v. Gonzales*, 437 F.3d 453, 455 & n.1 (5th Cir. 2006); *Matter of Cruz-Garcia*, 22 I. & N. Dec. 1155, 1156 n.1 (BIA 1999). Under former INA § 242(b), a deportation order could be entered in absentia if the alien had been given "'a reasonable opportunity to be present'" at the deportation hearing but "'without reasonable cause fail[ed] or refuse[d] to attend.'" *United States v. Estrada-Trochez*, 66 F.3d 733, 736 (5th Cir. 1995) (quoting former INA § 242(b)). Where the notice of hearing was sent by regular mail, there is a weaker presumption of effective service than when certified mail is used. *Navarrete-Lopez v. Barr*, 919 F.3d 951, 953-54 (5th Cir. 2019); *Matter of M-R-A-*, 24 I. & N. Dec. 665, 673-74 (BIA 2008).

Peralta has not shown that the agency abused its discretion in denying his motion to reopen. The mailing of the hearing notice to his designated address was sufficient to constitute reasonable notice. *See Estrada-Trochez*, 66 F.3d at 736. Additionally, it was not an abuse of discretion to find that Peralta failed to overcome the weaker presumption of effective service applicable to the mailing, as he made no attempt to provide an explanation or additional evidence to rebut several discrepancies in his claim that he was not

No. 25-60214

at fault for the non-delivery of the hearing notice, including his use of two different names and the question of when he moved from his designated mailing address. *See Navarrete-Lopez*, 919 F.3d at 954. The slew of discrepancies and Peralta's lack of explanation for them was a sufficient basis for a reasonable factfinder to call into question the credibility of his affidavit.

The petition for review is DENIED.